IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| JEFFREY FITZPATRICK, | ) | |
| Plaintiff, | ) | Case No. 1404-05420 |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | (CIVIL ACTION FOR FINANCIAL |
| INSURANCE COMPANY, a | ) | ABUSE OF VULNERABLE PERSON, |
| Connecticut company, | ) | BREACH OF CONTRACT, BREACH |
| | ) | OF COVENANT OF GOOD FAITH |
| | ) | AND FAIR DEALING) |
| Defendant. | ) | ($272,222) |
| | ) | |
| | ) | ORS 21.160(1)(C) |
| | ) | NOT SUBJECT TO MANDATORY |
| | | ARBITRATION |

JURY TRIAL REQUESTED

GENERAL ALLEGATIONS

1.

On January 17, 2010, plaintiff was a full time, active duty police officer for the City of Sherwood, Oregon, when a vehicle driven by a negligent driver crashed into his patrol car.

2.

Plaintiff sustained multiple injuries in the crash, including a traumatic brain injury, from which he suffers permanent cognitive, psychological, social, behavioral and physiological impairment, and for which he needs ongoing treatment.

3.

On or about January 4, 2011, plaintiff, through counsel, settled his personal injury claim against the negligent driver for the driver's policy limits of $100,000.

Page 1 – COMPLAINT

Steven R. Smucker
Attorney at Law
1200 Jackson Tower
806 S.W. Broadway
Portland, OR 97205-3383

OSB# 813795
WA#18389
**Tele: (503) 224-5077**
**Fax: (503) 299-6178**
steve@portlandlawyer.com

Exhibit 1, Page 1

4.

1     At all times, plaintiff had his workers compensation carrier's permission to pursue a
third party claim against the negligent driver, settle for the driver's policy limits, and disburse
the settlement funds.

5.

    Of the settlement, the workers compensation carrier received $44,444 in
reimbursement of its lien, plaintiff's counsel received $33,333 as attorney fees, and plaintiff
received $22,222 in general damages.

FIRST CLAIM FOR RELIEF

(Breach of Contract)

6.

    At all relevant times, plaintiff, through his employer, had long term disability
insurance under a contract – Policy # GLT-398216 – issued by defendant, Hartford Life and
Accident Insurance Company (Hartford), a foreign corporation, organized under the laws of
Connecticut.

7.

    At all times, Hartford has done and continues doing business in Multnomah County,
Oregon.

8.

    Due to his injuries, plaintiff applied for long-term disability benefits under the Policy
because he was unable to work.

9.

    Plaintiff has done everything required of him under the Policy to receive long-term
disability benefits.

10.

    Hartford received, reviewed, and accepted plaintiff's application for long-term
disability benefits.

11.

    Hartford calculated plaintiff's long-term disability benefit at $3,198 per month,
effective on or before January 19, 2011.

Page 2 – COMPLAINT

Steven R. Smucker
Attorney at Law
1200 Jackson Tower
806 S.W. Broadway
Portland, OR 97205-3383

OSB# 813795
WA#18389
Tele: (503) 224-5077
Fax: (503) 299-6178
steve@portlandlawyer.com

12.

Hartford only paid plaintiff $2,272 per month from January 19, 2011 to January 18, 2013, retaining $926 per month, or $22,222, the amount plaintiff received from his personal injury settlement.

13.

Despite demand, Hartford retains the $22,222, and refuses to return it to plaintiff, in breach of contract.

14.

Hartford's taking and retention of plaintiff's personal injury settlement caused both physical and emotional harms to plaintiff, including, but not limited to, prolonged pain and disability resulting from delayed or foregone treatment, caused by Hartford's taking and retention of plaintiff's personal injury settlement.

15.

Plaintiff seeks extra-contractual consequential noneconomic damages in the amount of $250,000 to compensate him for the physical harm and emotional distress caused by Hartford's breach.

16.

Plaintiff gave proof of loss more than six months ago, as required under ORS 742.061, and is entitled to his reasonable attorney fees under ORS 742.061.

SECOND CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith and Fair Dealing).

17.

Plaintiff incorporates the paragraphs referenced above by reference.

18.

At all times, Hartford represented that it had control of the insurance claims process, and plaintiff reposed his trust and confidence in Hartford to exercise and fulfill its duty of good faith and fair dealing in administering and performing the terms thereof.

19.

Hartford breached its duty of good faith and fair dealing to plaintiff, and took and retained his money through systematic and unfair claims settlement practices:

Page 3 – COMPLAINT

Steven R. Smucker
Attorney at Law
1200 Jackson Tower
806 S.W. Broadway
Portland, OR 97205-3383

OSB# 813795
WA#18389
Tele: (503) 224-5077
Fax: (503) 299-6178
steve@portlandlawyer.co

Exhibit 1, Page 3

1       a. Hartford made false and misleading statements that it had full discretion to

2  interpret the terms and conditions in the Policy, and exercised the claimed discretion

3  unreasonably and arbitrarily to classify plaintiff's $22,222 personal injury settlement as an

4  "income benefit."

5       b. Hartford failed to respond to, or act promptly upon receiving, communications

6  relating to plaintiff's claim, employing a deliberate pattern of harassment and delay to wear

7  plaintiff down into accepting Hartford's unreasonable and arbitrary classification of his

   personal injury settlement as an "income benefit;"

8       c. Hartford failed to conduct a reasonable investigation, based on the information

9  available, into the nature of plaintiff's personal injury settlement;

10       d. Hartford acted unreasonably and arbitrarily to classify plaintiff's $22,222 personal

   injury settlement as an income benefit for 24-months;

11       e. Hartford acted unreasonable and arbitrarily in failing to credit plaintiff with

12  reasonable attorney fees for recovering the personal injury settlement from the negligent

13  driver;

14       f. Hartford unreasonably and arbitrarily required plaintiff to disprove the personal

15  injury settlement was an income benefit, when Hartford knew, or should have known,

16  plaintiff would be unable to do so under the Policy and under the facts, knowing as it did,

17  personal injury settlements, as this one was, are paid in lump sums, without a precise

18  breakdown, and are non-taxable. Hartford's requiring plaintiff to produce a precise

19  breakdown of the settlement, when it knew or should have known there wasn't one, was bad

   faith and chicanery;

20       g. Hartford wrote, interpreted and exercised its discretion under the Policy to take

21  advantage of vulnerable people, like plaintiff. This type of chicanery and unfair dealing has

22  caused or will cause a substantial increase in the number of lawsuits filed against Hartford in

   Oregon by claimants like plaintiff.

23       h. Hartford threatened plaintiff by telling him it would recalculate his long-term

24  disability benefits to see if he owed money to them for overpayment if he objected to the

25  arbitrary and unreasonable classification of his personal injury settlement as an income

26  benefit.

Page 4 – COMPLAINT

Steven R. Smucker
Attorney at Law
1200 Jackson Tower
806 S.W. Broadway
Portland, OR 97205-3383

OSB# 813795
WA#18389
Tele: (503) 224-5077
Fax: (503) 299-6178
steve@portlandlawyer.com

20.

Hartford's systematic breach of the implied covenant of good faith and fair dealing caused both physical and emotional harms to plaintiff, including but not limited to prolonged pain and disability from delayed or foregone treatment, as a result of the breach.

21.

Plaintiff seeks extra-contractual consequential noneconomic damages in the amount of $250,000 to compensate him for the physical harm and emotional distress caused by Hartford's breach.

22.

Plaintiff is entitled to reasonable attorney fees under ORS 742.061.

### THIRD CLAIM FOR RELIEF
(Civil Action for Abuse of Vulnerable Person)

23.

Plaintiff incorporates the foregoing paragraphs by reference.

24.

At all relevant times, plaintiff was a person with a disability under ORS 124.005(8)(b) and a vulnerable person under ORS 124.100(1)(e)(D).

25.

Hartford, without good cause and having no right to do so, has taken and retains money belonging to plaintiff, and has refused to take reasonable steps to return it or make any part of it available to him, thus holding plaintiff's money in constructive trust.

26.

As a result of defendant's violations of ORS 124.110, plaintiff suffered an economic loss of $22,222.

27.

As a result of defendant's violation of ORS 124.110, plaintiff suffered non-economic damages of $250,000.

28.

Pursuant to ORS 124.100(2)(c), plaintiff is entitled to an amount equal to three times his economic and non-economic damages.

Page 5 – COMPLAINT

Steven R. Smucker
Attorney at Law
1200 Jackson Tower
806 S.W. Broadway
Portland, OR  97205-3383

OSB# 813795
WA#18389
Tele: (503) 224-5077
Fax: (503) 299-6178
steve@portlandlawyer.com

29.

Pursuant to ORS 124.100(2)(c), plaintiff is entitled to reasonable attorney fees.

30.

Pursuant to ORS 124.100(6), plaintiff served a copy of this Complaint upon the Attorney General's office.

WHEREFORE, plaintiff prays for judgment as follows:

On his First Claim For Relief, for breach of contract, in the amount of $22,222 in economic damages, extra-contractual consequential noneconomic damages of $250,000, attorney fees as authorized by ORS 742.061, costs and disbursements.

On his Second Claim for Relief, for breach of the implied covenant of good faith and fair dealing, in the amount of $22,222 in economic damages, extra-contractual consequential noneconomic damages of $250,000, attorney fees as authorized by ORS 742.061, costs and disbursements.

On his Third Claim for Relief, for financial abuse of a vulnerable person under ORS 124.110, in the amount of $22,222 in economic damages, non-economic damages of $250,000, attorney fees as authorized by ORS 742.061, attorney fees and treble damages as authorized under ORS 124.100(2)(b)(c), costs and disbursements, and whatever further and other relief as the Court deems just and Proper.

Respectfully submitted this 22ᵈ day of April, 2014.

Steven R. Smucker, OSB # 813795

Page 6 – COMPLAINT

Steven R. Smucker
Attorney at Law
1200 Jackson Tower
806 S.W. Broadway
Portland, OR 97205-3383

OSB# 813795
WA#18389
Tele: (503) 224-5077
Fax: (503) 299-6178
steve@portlandlawyer.com

1

2                     IN THE CIRCUIT COURT OF THE STATE OF OREGON

3                           FOR THE COUNTY OF MULTNOMAH

4    JEFFREY FITZPATRICK                    )
                                            )
5                         Plaintiff,        )     Case No. 1404-05480
                                            )
6         v.                                )     SUMMONS
                                            )
7    HARTFORD LIFE AND ACCIDENT             )
     INSURANCE COMPANY, a                   )
8    Connecticut company,                   )
                            Defendant.
9    To:   Hartford Life and Accident Insurance Company
           c/o CT Corporation System
10         388 State Street, Suite 420
           Salem, OR 97301
11

12         You are hereby required to appear and defend the complaint filed against you in the above
     entitled action within thirty (30) days from the date of service of this summons upon you, and in case
13   of your failure to appear, plaintiff will apply to the court for the relief demanded in the complaint.

14              NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

15         You must "appear" in this case or the other side will win automatically.  To "appear" you
     must file with the court a legal paper called a "motion" or "answer."  The "motion" or "answer" must
16   be given to the court clerk or administrator within 30 days along with the required filing fee.  It must
     be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have
17   an attorney, proof of service upon the plaintiff.
           If you have any questions, you should see an attorney immediately.  If you need help in
18   finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at
     www.oregonstatebar.org or by calling (503) 684-3763 in the Portland metropolitan area or toll-free in
19   Oregon at (800) 452-7636.

20
                                             STEVEN R. SMUCKER    OSB# 813795
21                                           Attorney for Plaintiff

22         I certify that the foregoing is an exact and complete copy of the original summons in the
     above entitled action.
23

24                                           STEVEN R. SMUCKER    OSB# 813795
25   Address at which papers in the above entitled action may be served by mail:

     Steven R. Smucker, Attorney at Law
26   1200 Jackson Tower
     806 SW Broadway
     Portland, OR  97205
     (503) 224-5077

Page 1 - SUMMONS

Steven R. Smucker          OSB# 813795
Attorney at Law            WA#18389
1200 Jackson Tower         Tele: (503) 224-5077
806 S.W. Broadway          Fax: (503) 299-6178
Portland, OR  97205-3383   steve@portlandlawyer.com

 **CT Corporation**

**Service of Process Transmittal**
04/29/2014
CT Log Number 524863656

TO:     Daniela Bukowski-James
        The Hartford
        200 Hopmeadow Street, B1E
        Weatogue, CT 06089

RE:     **Process Served in Oregon**

FOR:    Hartford Life and Accident Insurance Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeffrey Fitzpatrick, Pltf. vs. Hartford Life and Accident Insurance Company, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Attachment, Summons, Complaint |
| **COURT/AGENCY:** | Multnomah County Circuit Court, OR<br>Case # 140405420 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Salem, OR |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 04/29/2014 postmarked on 04/28/2014 |
| **JURISDICTION SERVED :** | Oregon |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of service |
| **ATTORNEY(S) / SENDER(S):** | Steven R. Smucker<br>1200 Jackson Tower<br>806 S.W. Broadway<br>Portland, OR 97205-3383<br>503-224-5077 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/30/2014, Expected Purge Date: 05/05/2014<br>Image SOP<br>Email Notification, CTSOP Lawsuits (Not Specified) SOPLawsuits.Law@thehartford.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Denise Wipper |
| **ADDRESS:** | 388 State St., Suite 420<br>Salem, OR 97301 |
| **TELEPHONE:** | 503-566-6883 |

Page 1 of  2 / BG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit 1, Page 8

 CT Corporation

**Service of Process Transmittal**
04/29/2014
CT Log Number 524863656

TO: Daniela Bukowski-James
The Hartford
200 Hopmeadow Street, B1E
Weatogue, CT 06089

RE: **Process Served in Oregon**

FOR: Hartford Life and Accident Insurance Company (Domestic State: CT)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summonses, Complaint | By Process Server on 04/28/2014 | Daniela Bukowski-James<br>The Hartford | 524854547 |

Page 2 of 2 / BG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit 1, Page 9

1201 SW 12TH AVE. SUITE 300
PORTLAND, OR  97205



CT Corporation System, Registered Agent for
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY
388 State St., Suite 420
Salem, OR 97301

97301$3581  C001

Date:           04/28/2014

To:             CT Corporation System,
                for HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

Attached is a true copy of the:

                Summons and Complaint

Left With:      Becky Radspinner

Address:        388 State St., Suite 420, Salem, OR 97301

Date Served:    04/28/2014

Time Served:    11:51 AM



*387866*